```
                                                                    D/F
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA              JUDGMENT INCLUDING SENTENCE
           -v-                        UNDER THE SENTENCING REFORM ACT

B-JORN BENNETT                        CASE NUMBER:CR-03-1329(ARR)
------------------------------------x PHILIP KATOWITZ, ESQ
                                      320 SEVENTH AVENUE, PMB 255
                                      BROOKLYN, NEW YORK 11215
                                      Defendant's Attorney & Address
```

THE DEFENDANT:
XXX  pleaded guilty to count one of the indictment.
___  was found guilty on counts                     after a plea of not guilty.
     Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a) | IMPORTATION OF COCAINE. | ONE (1) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s)         and is discharged as
     to such count(s).
XXX  Remaining counts are dismissed on the motion of the United States.
XXX  It is ordered that the defendant shall pay to the United States a special
     assessment of $100.00 which shall be due  XXX immediately  ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # ___NONE___          _____JUNE 1, 2005_____
                                              Date of Imposition of Sentence
Defendant's Date of Birth 3/12/82

Defendant's Mailing Address:               _____
                                              ALLYNE R. ROSS, U.S.D.J.
363 AMBERLY CLOSE                          _____JUNE 1, 2005_____
                                                       Date
ST. CATHERINE, JAMAICA
                                           A TRUE COPY ATTEST
Defendant's Residence Address:             Date:_____6/6/05_____
                                           ROBERT C. HEINEMANN
       ( SAME AS ABOVE )                   CLERK OF COURT

                                           By:_____
                                                  DEPUTY CLERK

C/M

Defendant: B-JORN BENNETT  
Case Number: CR-03-1329(ARR)

Judgment – Page    of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time served.

___  The Court makes the following recommendations to the Bureau of Prisons:

___  The defendant is remanded to the custody of the United States Marshal.
___  The defendant shall surrender to the United States Marshal for this district,
      ___  at _____ a.m./p.m. on _____.
      ___  as notified by the Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
      ___  before 12:00 noon on _____.
      ___  as notified by the United States Marshal.
      ___  as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                                United States Marshal

                                By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: B-JORN BENNETT
Case Number: CR-03-1329(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: B-JORN BENNETT                                    Judgment - Page    of
Case Number: CR-03-1329(ARR)

## FINE WITH SPECIAL ASSESSMENT

    The defendant shall pay to the United States the sum of $ 100.00      , consisting of a fine of $   N/A       and a special assessment of $ 100.00              .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

    This sum shall be paid ___ immediately
                                ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

        ___ The interest requirement is waived.
        ___ The interest requirement is modified as follows: